## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Jan 27 2017, 9:50 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Amy D. Griner
Mishawaka, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Marjorie Lawyer-Smith
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Marilyn Viers,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | January 27, 2017<br><br>Court of Appeals Case No.<br>20A04-1609-CR-2070<br><br>Appeal from the Elkhart Superior Court<br><br>The Honorable Gretchen S. Lund, Judge<br><br>Trial Court Cause No.<br>20D04-1512-F6-1217 |

**Crone, Judge.**

# Case Summary

Marilyn Viers appeals the sentence imposed by the trial court following her guilty plea to level 6 felony operating a vehicle while intoxicated with a prior conviction. Her sole contention on appeal is that her two-year sentence, one year to be served on home detention and one year suspended to probation, is inappropriate in light of the nature of her offense and her character. Concluding that she has not met her burden to demonstrate that her sentence is inappropriate, we affirm.

# Facts and Procedural History

On December 22, 2015, Viers consumed beer at a friend's house. She then returned to her home before deciding to leave again to go shopping. During that shopping trip, she was involved in a vehicular collision in a parking lot.

The State charged Viers with level 6 felony operating a vehicle while intoxicated with a prior conviction, class A misdemeanor operating a vehicle while intoxicated endangering a person, and class D misdemeanor operating a vehicle with a BAC of .08 or more. Viers pled guilty, without a plea agreement, to level 6 felony operating a vehicle while intoxicated with a prior conviction. The trial court imposed a two-year sentence, with one year to be served on home detention, and the other year suspended to probation. This appeal ensued.

# Discussion and Decision

[4] Viers claims that her sentence is inappropriate and invites this Court to revise her sentence pursuant to Indiana Appellate Rule 7(B) which provides that we may revise a sentence authorized by statute if, after due consideration of the trial court's decision, we find that the sentence "is inappropriate in light of the nature of the offense and the character of the offender." The defendant bears the burden to persuade this Court that his or her sentence is inappropriate. *Childress v. State*, 848 N.E.2d 1073, 1080 (Ind. 2006). Indiana's flexible sentencing scheme allows trial courts to tailor an appropriate sentence to the circumstances presented, and the trial court's judgment "should receive considerable deference." *Cardwell v. State*, 895 N.E.2d 1219, 1222 (Ind. 2008). The principal role of appellate review is to attempt to "leaven the outliers." *Id.* at 1225. Whether we regard a sentence as inappropriate at the end of the day turns on "our sense of the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other facts that come to light in a given case." *Id.* at 1224. In reviewing a sentence, we consider all aspects of the penal consequences imposed by the trial court in sentencing the defendant, including whether a portion of the sentence is ordered suspended "or otherwise crafted using any of the variety of sentencing tools available to the trial judge." *Davidson v. State*, 926 N.E.2d 1023, 1025 (Ind. 2010).

[5] Regarding the nature of the offense, the advisory sentence is the starting point that the legislature has selected as an appropriate sentence for the crime committed. *Fuller v. State*, 9 N.E.3d 653, 657 (Ind. 2014). The sentencing range

for a level 6 felony is between six months and two and one-half years, with an advisory sentence of one year. Ind. Code § 35-50-2-7(b). The trial court here imposed a two-year aggregate sentence, with one year to be served on home detention and the second year suspended to probation. In challenging the appropriateness of her two-year sentence, Viers emphasizes that she was involved in a minor collision, that she tested only slightly above the legal alcohol limit, and that "she did not hurt anyone, nor intend to hurt anyone." Appellant's Br. at 8. Although we agree with Viers that her offense was by no means the most egregious we could imagine, we will not downplay the seriousness and dangerousness of her behavior, and we are not persuaded by her self-proclaimed lack of intent to cause damage to others. She consumed alcohol and admittedly drove multiple times that afternoon before eventually being caught for such behavior due to the collision. The nature of her offense does not convince us that a two-year sentence served first on home detention and then suspended to probation is inappropriate.

[6] Viers does not fare much better when we consider her character. Regarding the character of the offender, one relevant consideration is the defendant's criminal history. *See Rutherford v. State*, 866 N.E.2d 867, 874 (Ind. Ct. App. 2007). Viers has a criminal history consisting of misdemeanor convictions for reckless driving, carrying a handgun without a license, and two prior convictions for operating a vehicle while intoxicated. She also has a prior felony operating a vehicle while intoxicated conviction for which she was on probation when she committed the instant offense. Viers has clearly demonstrated a pattern of

disregarding the law by repeatedly committing the offense of operating a vehicle while intoxicated, and she has been unwilling or unable to reform her behavior despite the trial court's previous grants of leniency. We commend Viers for the recent strides toward treatment and rehabilitation that the record indicates that she has made, but we remain unconvinced that the enhanced sentence imposed by the trial court was inappropriate based upon her character.[1] Viers has not met her burden to demonstrate that her sentence is inappropriate in light of the nature of the offense or her character, and therefore we affirm.

Affirmed.

Riley, J., and Altice, J., concur.

---

[1] As part of her character argument, Viers requests that we revise her sentence to a fully suspended sentence because she "is unable to afford the home detention fees" and "home detention prevents her from earning extra income." Appellant's Br. at 7-8. We note that the record indicates that the trial court fully considered Viers's ability to pay the costs associated with her crime and her sentence. Indeed, after finding Viers to be indigent, the trial court excused Viers from paying a public defender reimbursement fee, suspended a fine, and appointed pauper appellate counsel. Moreover, the court scheduled a financial compliance hearing for March 2017 to address any additional matters. We decline Viers's invitation to revise her sentence on this basis.